```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                              Case No. 8:10-cr-305-T-33AEP

ROBERT EUGENE MARTIN

_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Defendant Robert Eugene Martin's Renewed Motion for Compassionate Release (Doc. # 101), filed on July 5, 2020. The Court previously denied first Martin's motion for compassionate release for failure to exhaust administrative remedies. (Doc. # 100). The United States responded on July 22, 2020. (Doc. # 104). Without leave of Court, Martin filed a reply. (Doc. # 105). For the reasons set forth below, the Motion is denied.

**I.   Background**

Martin pled guilty to distribution of 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. # 58). On May 24, 2011, Martin was sentenced to 188 months in prison. (Id.). Martin is 51

1

years old and his projected release date is February 11, 2024. (Doc. # 104 at 2).

In the Motion, Martin renews his request for compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and his other medical conditions, including high-blood pressure and hypertension. (Doc. # 101). Alternatively, Martin requests that the Court grant him home confinement. (Id.). In his previous motion for compassionate release, Martin pointed to an outbreak of COVID-19 in the facility where he is housed and alleged that he had tested positive for the virus himself. (Doc. # 98 at 1). Martin also cited to his good behavior while incarcerated and his successful completion of several prison educational programs. (Id.).

The United States has responded (Doc. # 104), and Martin replied. (Doc. # 105). The Motion is ripe for review.

## II. Discussion

### A. Request for Home Confinement

In the Motion, Martin requests that the Court grant him home confinement. (Doc. # 101 at 3). However, the Court has no authority to direct the Bureau of Prisons (BOP) to place Martin in home confinement because such decisions are

2

committed solely to the BOP's discretion. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to the Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]").

Therefore, Martin's request for home confinement falls outside Section 3582(c)'s grant of authority. The Motion is denied as to this requested relief.

### B. Request for Compassionate Release

The Court previously denied Martin's first motion for compassionate release because he "ha[d] not alleged, much less shown that he exhausted his administrative remedies prior to seeking relief from the Court." (Doc. # 100 at 3). Now, Martin's Renewed Motion alleges that he sent two e-mails

3

to the warden to bring a motion for compassionate release on his behalf, one on May 1, 2020, and another on May 18, 2020, which were both left unanswered. (Doc. # 101 at 1). Therefore, Martin argues that he has exhausted his administrative remedies. (Id.).

In light of this, but without conceding this point, the United States now withdraws its argument that Martin has failed to exhaust his administrative remedies, and instead argues that his Motion should be denied on the merits. (Doc. # 104 at 1-2). The Court agrees and concludes that, even if Martin has exhausted his administrative remedies, his Motion must be denied because his circumstances are not extraordinary and compelling.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Martin argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after

4

> considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Martin bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

5

Although Martin alleges that he has tested positive for COVID-19, (Doc. # 98 at 1), and that he suffers from high-blood pressure and hypertension, (Doc. # 101 at 3), he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility. See USSG §1B1.13, comment. (n.1); see also United States v. Thomas, 8:10-cr-438-T-33AAS, 2020 WL 4734913, at *2 (M.D. Fla. Aug. 14, 2020) (denying motion for compassionate release where defendant tested positive for COVID-19 but was not "seriously ill"); United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020) (denying motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, severe coronary artery disease, and COPD, because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison).

Although Martin previously tested positive for COVID-19, he was asymptomatic and has now recovered. (Doc. # 104-1). Martin's other medical conditions, which include high blood pressure and hypertension, do not warrant release. Rather, Martin's medical records tend to show that his conditions are being controlled with medication and there is

6

no indication that he is unable to provide self-care while in prison. (Doc. # 101 at 6). Nor does Martin's good behavior in prison — while commendable — qualify as an extraordinary and compelling reason for compassionate release. Thus, Martin has not shown an extraordinary and compelling reason that justifies compassionate release and his Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Robert Eugene Martin's pro se Renewed Motion for Compassionate Release (Doc. # 101) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of September, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE